**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**JOSEPH WILLIAMS,**

      **Plaintiff,**

**vs.**                              **Case No. 4:09cv510-SPM/WCS**

**ERIC H. HOLDER, JR., et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

This case was transferred from the Middle District of Florida to this Court and

received on December 22, 2009.  Doc. 12.  Petitioner, proceeding *pro se*, initiated this §

2241 habeas petition on September 29, 2009, doc. 1, challenging a period of indefinite

detention under Zadvydas v. Davis, 533 U.S. 678 (2001).  Prior to being transferred

here, Respondents were directed to show good cause as to why the relief requested by

Petitioner should not be granted.  Doc. 6.  After the case was received here,

Respondents were directed to file a response and status update.  Doc. 15.

Respondents filed an Answer, doc. 17, on January 29, 2010, asserting that Petitioner

had failed to show that were was no significant likelihood of his removal in the reasonably foreseeable future.

On February 25, 2010, Respondents filed a motion to dismiss this § 2241 petition, asserting Petitioner had been released from detention and, therefore, granted the relief he sought. Doc. 18. The motion to dismiss contains a certificate of service showing it was mailed to Petitioner at the Wakulla County Jail, the location from which Plaintiff was released. *Id.* Accompanying the motion is a release notification, signed by ICE officials, but unsigned by Petitioner. *Id.* Nevertheless, it appears that Petitioner was released from detention pursuant to an order of supervision from ICE. *Id.*

Because Petitioner has essentially been afforded the relief he sought, release from detention, this § 2241 petition should now be dismissed as moot. Although the motion to dismiss, doc. 18, was sent to Petitioner at his "last address of record" (the Wakulla County Jail), presumably that facility will not forward mail to Petitioner since he has been released.[1] Nevertheless, in my last order, Petitioner was directed to "file a notice of change of address with this Court should he be released from custody . . . ." Doc. 15, p. 2. Should Petitioner promptly advise the Court of his release, the Clerk of Court will be able to immediately provide Petitioner with a copy of this report and recommendation in the event he wishes to dispute the recommendation. Should Petitioner *not* provide his current address and notify the Court of his release, then it will be apparent that Petitioner has abandoned this litigation.

---

[1] This order and report and recommendation will be sent there as well.

Case No. 4:09cv510-SPM/WCS

It is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner

Joseph Williams be **DISMISSED as moot** since it appears he has been released from

detention.

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2010.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:09cv510-SPM/WCS